## MOIR v. UNITED STATES.
### No. 45313.

Court of Claims.
April 5, 1943.

334

335

MADDEN, Judge.

Plaintiff, executor of the will of John Moir, deceased, sues to recover income taxes paid for the years 1936 and 1937. Moir was taxed upon a proportionate part of the income received by a trust, the Chase and Sanborn Pension Fund, which had been set up by Moir and other partners in the partnership of Chase and Sanborn. When the partners sold the partnership business to Standard Brands, Inc., in 1929, the partners contributed, in the proportion in which they had owned the business of Chase and Sanborn, a total of $800,000 to the Pension Fund, the income to be used to pay pensions to the former employees of Chase and Sanborn who had had many years of service. Moir, the partner who had owned the largest interest in Chase and Sanborn, Rich, another partner, and the Day Trust Company were made trustees of the Pension Fund. The trust agreement created no legal rights in the old employees. The fund was to revert to the contributors when its purpose had been served. The trust agreement could be modified or amended at any time by the unanimous vote of the trustees.

Plaintiff claims, first, that no part of the income of the trust was Moir's income on which he could be taxed because, he says, the trust was not a revocable trust within the provisions of Sections 166 and 167 of the Revenue Act of 1936, 26 U.S.C.A. Int. Rev.Acts page 895, since Rich had a substantial interest adverse to revoking the trust and revesting the title to the trust property in the former partners, including Moir, who had contributed to the fund.

Plaintiff claims, second, that even if the income of the trust was income of the former partners in proportion to their contributions to the fund, and otherwise taxable, the income had been spent to pay "ordinary and necessary expenses * * * in carrying on * * * trade or business", and the expenditure was a legitimate deduction from Moir's income within the provisions of Section 23(a) of the Revenue Act of 1936, 26 U.S.C.A. Int.Rev.Acts, page 827, and he therefore should not have been taxed upon it.

The Government contends, first, that the income was Moir's for tax purposes because Rich did not have a substantial adverse interest which would have deterred him from consenting to a revocation of the trust, and, second, that the expenditure of the in-

Philip Nichols, of Boston, Mass., for plaintiff.

Elizabeth B. Davis, of Washington, D. C., and Samuel O. Clark, Jr., Asst. Atty. Gen. (Robert N. Anderson and Fred K. Dyar, both of Washington, D. C., on the brief), for defendant.

Before WHALEY, Chief Justice, and LITTLETON, WHITAKER, and MADDEN, Judges.

come to pay pensions to former employees to whom the partners were under no legal obligation, at a time when the former partners were engaged in no business except that of paying these pensions, through the trust, was not a business expense within the meaning of Section 23(a) and was, therefore, not deductible.

Plaintiff sued in the District Court of the United States for the District of Massachusetts to recover taxes paid upon Moir's 1938 income from January 1 to September 20, the date of Moir's death. That suit related to the tax upon the same Pension Fund, the income of which was received and distributed in the same way as was done in 1936 and 1937, the years covered by this suit. The contentions of the parties were the same in that case as in this. The District Court decided both issues against plaintiff. Flood v. United States, D.C., 44 F.Supp. 509.

Plaintiff appealed to the Circuit Court of Appeals for the First Circuit. That Court decided the first issue against plaintiff. On the second issue, it held that the pensions paid by the trust were deductible business expenses, and that plaintiff was entitled to have Moir's income taxes recomputed to allow those deductions. Flood v. United States, 133 F.2d 173.

We agree with the decision of the Circuit Court of Appeals in the Flood case and with the reasons given in the opinion. We conclude that plaintiff should have been permitted to deduct from Moir's income for 1936 and 1937 Moir's proportions of the pensions paid by the trust.

Plaintiff is entitled to recover. The entry of judgment will be suspended to await the filing of a stipulation by the parties showing the exact amount due plaintiff in accordance with this opinion.

WHALEY, Chief Justice, and WHITAKER, Judge, concur.

LITTLETON, Judge (dissenting).

I am of opinion that plaintiff is not entitled to recover any amount for the reasons stated by Judge Ford in Flood v. United States, D.C., 44 F.Supp. 509, 513, 514.

JONES, Judge, took no part in the decision of this case.